IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRUCKER SERVICES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2086-K-BN |
| | § | |
| JC MOBILE MECHANIC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Trucker Services LLC, an entity, not an individual, filed a *pro se* complaint against Defendant JC Mobile Mechanic concerning repairs to a truck, where the total cost of the repair was less than $7,000. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned identifies multiple deficiencies – most importantly that subject matter jurisdiction appears lacking. And, given the circumstances of this case, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings, conclusions, and recommendation provide Plaintiff notice as to the deficiencies identified below. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (further explained

below) offers Plaintiff an opportunity to respond, to establish (if possible) that the Court does indeed have subject matter jurisdiction and to address all other deficiencies.

## Discussion

The complaint is deficient for several reasons.

But, because "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023), that is where the undersigned must begin, *see, e.g., Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023) ("We begin, as we must, by assuring ourselves of federal court jurisdiction." (citation omitted)).

> "Federal courts are courts of limited jurisdiction." Article III, § 2, of the Constitution delineates "[t]he character of the controversies over which federal judicial authority may extend." And lower federal-court jurisdiction "is further limited to those subjects encompassed within a statutory grant of jurisdiction." Accordingly, "the district courts may not exercise jurisdiction absent a statutory basis."

*Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (cleaned up).

"Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up).

"The basic statutory grants of federal-court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (cleaned up).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Each serves a distinct purpose: Federal-question

jurisdiction affords parties a federal forum in which "to vindicate federal rights," whereas diversity jurisdiction provides "a neutral forum" for parties from different States.

*Home Depot*, 139 S. Ct. at 1746 (cleaned up).

Under Section 1331, a case arises under federal law "when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

Plaintiff does not specifically assert a claim under federal law. Nor do the facts

alleged show that a state law claim in the context of this lawsuit is created by federal law or that a right to relief turns on a substantial question of federal law. So Plaintiff has not shown that there is federal question jurisdiction under Section 1331.

Nor has Plaintiff shown that there is diversity jurisdiction under Section 1332. The amount in controversy apparent from the face of the complaint is well below $75,000. And Plaintiff fails to allege the citizenships of the parties. *Cf. SXSW v. Fed. Ins. Co.*, ___ F.4th ____, No. 22-50933, 2023 WL 6472562, at *1 (5th Cir. Oct. 5, 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

But, even if Plaintiff had established jurisdiction under either Section 1331 or Section 1332, attached to the complaint are filings from state court cases (in Wichita County, Texas and Dallas County, Texas) involving the parties to this federal case. *See* Dkt. No. 3 at 3-32.

Only insofar as a state judicial proceeding has concluded, such that no appeal was pending when Plaintiff filed this lawsuit, this federal district court lacks jurisdiction "to modify or reverse" a state proceeding under the *Rooker-Feldman* doctrine. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized

by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see also Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

And, if Plaintiff raises objections to the undersigned's conclusion that federal subject matter jurisdiction is lacking, another deficiency is apparent.

An individual may proceed *pro se* in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

But Plaintiff identifies itself as an LLC. And an LLC (or limited liability company), "as a fictional legal person," may "only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982))); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or

associations to appear in federal court otherwise than by licensed counsel").

So, if Plaintiff can establish that the Court has subject matter jurisdiction, Plaintiff must then retain counsel to continue with this case in federal court.

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 12, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE